UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
Western Division

| | |
|---|---|
| ROSIE D. et al., ) | |
| ) | |
| on behalf of themselves and ) | |
| all others similarly situated, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | NO.  01-CV-30199-MAP |
| ) | |
| MITT ROMNEY et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' APRIL 8, 2005 MEMORANDUM CONCERNING**
**EVIDENTIARY ISSUES**

At the hearing on this matter held on March 28, 2005, the Court gave the parties permission to file memoranda on April 8, 2005 addressing any evidentiary issues they wished to raise before trial. Defendants wish to raise a single issue, the admissibility of (1) a letter dated November 1, 2004 from the Associate Regional Director of the Centers for Medicare and Medicaid Services (the federal Medicaid agency) to the Director of the Massachusetts Medicaid program, and (2) testimony by the letter's author, Mr. Greenstein.[1]

At the March 28, 2005 hearing on Plaintiffs' Motion in Limine to Exclude Proffered Evidence or Argument Resolving Alleged Post-Discovery Developments, this Court ruled that

---

[1] Defendants raised their concern about the number of plaintiffs' exhibits, and possible implications of that number (1,141 on plaintiffs' current exhibit list) for the length of trial, at the March 28, 2005 hearing; however, that concern has been allayed by plaintiffs' agreement to produce a modified list of 350 exhibits that it is "highly probable" they will offer by the end of the day today or at latest by Monday April 11, 2005.

"the focus of my attention is going to be August of 2004," but that "[t]here may very well be things that happened that have a legitimate bearing and don't constitute unfair surprise or anything like that." (Transcript of 3/28/05 hearing, p. 34). Pursuant to that ruling, defendants will seek to offer a November 1, 2004 letter from the federal Medicaid agency to the Massachusetts Medicaid program, as well as testimony from the author of the letter, because (1) it was promptly produced for plaintiffs last November, so there is no question of any unfair surprise, (2) the letter is highly relevant to plaintiffs' claims, and (3) plaintiffs themselves apparently agreed until today that the letter and testimony should be admitted, since the exhibit appears on their exhibit list and Mr. Greenstein is listed on their witness list.

The November 1, 2004 CMS letter was received by the Massachusetts Medicaid program on November 5, 2004, and produced for plaintiffs on November 19, 2004 in supplementation of defendants' earlier discovery responses. At that point, plaintiffs had already received the correspondence leading up to the November 1st letter; subsequently, defendants have complied with plaintiffs' requests for additional supplementation with respect to the letter. Plaintiffs have met with CMS officials with respect to the contents of the letter, and were copied on a follow-up to the letter dated March 24, 2005. See Roney aff., ¶¶ 3-4. In these circumstances, there is no unfair surprise to plaintiffs in admission of the November 1st letter and testimony by its author.

The November 1st letter is also highly relevant to plaintiffs' claims, and in particular to the analysis conducted by plaintiffs' expert, Mr. Valentine, with respect to costs. Mr. Valentine's opinion that Massachusetts could save money by adopting plaintiffs' approach to behavioral health services is based on Mr. Valentine's analysis of costs associated with the MHSPY program, and specifically his assumption that federal financial participation is available for certain MHSPY services. The November 1st letter disproves those assumptions, and

therefore Mr. Valentine's analysis.  If Mr. Valentine's analysis is to be admitted – and this Court denied without prejudice defendants' second motion in limine, which sought to exclude that testimony because of its unreliability – then defendants should be allowed to refute it by showing that it is based on erroneous assumptions about the MHSPY services that are eligible for federal financial participation that are in conflict with the views of the federal Medicaid agency responsible for the region that includes Massachusetts.

Finally, plaintiffs themselves apparently agreed until today that the letter was admissible, as it appears on their exhibit list as PX 531, and as Mr. Greenstein is listed on their witness list (along with three other employees of the federal Medicaid agency). Plaintiffs indicated today, however, that they will object to admission of the letter and to Mr. Greenstein's testimony.

In sum, there can be no doubt of the relevance of the November 1st letter and related testimony, and there is no unfair surprise in its admission into evidence.  The letter, and the testimony of its author, are therefore within the category of matters that "have a legitimate

bearing and don't constitute unfair surprise or anything like that," and should be admitted.

                          Respectfully submitted,

                          THOMAS F. REILLY
                          ATTORNEY GENERAL

                          Attorney for Defendants


                          _____/s/ Deirdre Roney_____
                          Deirdre Roney, BBO No. 652886
                          Assistant Attorney General
                          Government Bureau
                          One Ashburton Place - Room 2019
                          Boston, Massachusetts   02108
                          (617) 727-2200, Ext. 2093

Date: April 8, 2005