UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 01-30199-RGS

ROSIE D., et. al

v.

CHARLES BAKER, et al.

MEMORANDUM AND ORDER
ON APPOINTMENT OF THE COURT MONITOR

January 6, 2021

STEARNS, D.J.

Since the early stages of this litigation, the court and the parties have had the benefit of the services of Karen Snyder, who was appointed by Judge Ponsor as the Court Monitor to oversee the implementation of the Judgment, originally issued in 2007, and to assist with the resolution of compliance issues.[1] Although I am relatively new to the case, I am sufficiently versed in the record to appreciate the critical role Ms. Snyder has played in assisting the Commonwealth of Massachusetts in taking significant steps towards implementing federal statutory requirements for the provision of care to Medicaid-eligible children with serious emotional disturbances.   But for

---

[1] Judge Ponsor retired from the case in 2020.  It was thereafter reassigned to my session, as the Court of Appeals noted.

her efforts, the Commonwealth's eligible children would be in a far worse position than they are today, as all involved in the litigation acknowledge.

After years of largely cooperative litigation in the district court, in 2018, the Commonwealth (at the district court's direction) moved to terminate all reporting and monitoring requirements then in place as of December 31, 2018, under the terms of the 2007 judgment.   The district court denied the motion, which then moved the dispute to the Court of Appeals.   During the pendency of the appeal, the district court extended the appointment of the Court Monitor pending the outcome of the appeal.   The Court Of Appeals entered its decision on May 4, 2020, with the panel majority ruling in favor of the Commonwealth, holding that the district court had misconstrued the Commonwealth's motion and had failed to apply the appropriate standard in modifying the judgment by deciding to extend the monitoring requirement.[2]

Recognizing the finality of the Court of Appeals' decision, on December 9, 2020, this court issued an order to the parties asking whether they would be amendable to extending Ms. Snyder's appointment on a cost-sharing basis

---

[2] The Court made a point of noting that the same analysis applied to the district court's decision to extend the tenure of the Court Monitor during the pendency of the appeal.   Her contractual extension expired on December 31, 2020 and is not a matter of dispute between the parties.

2

to permit her retention as an advisor to the court.

On December 23, 2o2o, the plaintiffs' agreed to the court's proposal at least insofar as it would involve Ms. Snyder's time advising the court with respect to technical issues raised in the upcoming motions intended to clear a path to a final resolution of the litigation (ten hours in the plaintiff's estimation).   Defendants, however, responded the same day by declining the proposed arrangement, particularly "without knowing the precise role the Court envisions for the Court Monitor."   Def.s' Resp. at 1 [Dkt #927]. The court can assure the parties that the role it had envisaged is a purely advisory one, the court being sensitive to the fact that it does not approach the task with the depth of historical knowledge possessed by Ms. Snyder or the counsel who have over a decade of involvement in the litigation. Nonetheless, the court recognizes that it has neither the legal nor equitable power to tax the parties with the expense of the appointment over their objection.   Consequently, no further Order with respect to Ms. Snyder's appointment will issue.

SO ORDERED.

/s/ Richard G. Stearns_____
UNITED STATES DISTRICT JUDGE